BEATTY, Justice.
Writ quashed as improvidently granted.
By quashing this writ we do not wish to be understood as fully agreeing with the court below on its analysis of Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). For while the Court of Criminal Appeals did correctly refer to In-nis ’s recapitulation of an “interrogation” under Miranda, it omitted recognition of a vital aspect of that definition expressed at 100 S.Ct. 1690:
“The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police. This focus reflects the fact that the Miranda safeguards were designed to vest a suspect in custody with an added measure of protection against coercive police practices, without regard to objective proof of the underlying intent of the police.... ”
From our review of the record, however, we have concluded that this aspect of the Innis test was satisfied also. The exchanges in question between Stahl and the officers, *918 together with the circumstances under which they were made, do not reasonably appear to have made it subjectively likely that he would have responded as he did. Accordingly, the test set forth by Innis was satisfied.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.